# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3259
_____

United States of America

*Plaintiff - Appellee*

v.

Sparkle Hobbs

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: June 14, 2024
Filed: July 30, 2024
[Unpublished]
_____

Before COLLOTON, Chief Judge, MELLOY and GRUENDER, Circuit Judges.
_____

PER CURIAM.

A jury convicted Defendant Sparkle Hobbs on a drug conspiracy count, several counts of possession with intent to distribute, one count of possessing a firearm in furtherance of drug trafficking, and one count of misprision of a felony.

She appeals, challenging the district court's[1] admission of evidence pursuant to Federal Rule of Evidence 404(b).  She also challenges the sufficiency of the evidence to support her convictions.  We affirm.

The Rule 404(b) evidence at issue on appeal came from a 2020 raid of a house.  When asked about the evidence at a pretrial hearing, Ms. Hobbs's attorney stated, "In light of the Eighth Circuit's broad reading of 404, I really don't have a good argument that the 2020 raid stays out.  *We will choose to exploit it if we can.*" (emphasis added).  The district court then stated the defense could object at trial if anything changed, but counsel did not object when the government later presented the evidence.  In light of this unequivocal exchange, we conclude counsel waived rather than forfeited the presently asserted Rule 404(b) challenge.

We may review for plain error an alleged error that was merely "forfeited," *i.e.,* that a defendant merely failed to assert below.  *United States v. McCorkle*, 688 F.3d 518, 522 (8th Cir. 2012).  When a defendant expressly waives an issue, however, the defendant is bound by that waiver.  *Id.*  In the face of counsel's clear waiver and statement of intent to use the now-challenged evidence, even plain error review is foreclosed.

Turning to the sufficiency argument, we conclude evidence of guilt was overwhelming.  The government presented evidence regarding several controlled buys from a co-conspirator as well as testimony from the co-conspirator stating that Ms. Hobbs personally handled the drugs.  Officers described the controlled buys and described tailing the co-conspirator to Ms. Hobbs's home after officers asked for more drugs.  Officers also described drug paraphernalia discovered in Ms. Hobbs's trash.  Finally, when officers executed a warrant at Ms. Hobbs's home, they found several stolen firearms, along with drug paraphernalia, drugs in various states of packaging, and nearly $30,000 cash.  Items were dispersed throughout the house and

---

[1]The Honorable Kristine G. Baker, Chief Judge, United States District Court for the Eastern District of Arkansas.

minimally concealed. Moreover, when officers entered the home, Ms. Hobbs stated no one else was present, but an officer conducting a safety sweep found another co-conspirator (Ms. Hobbs's husband) under a bed that had one of the guns lying on it.

Taken together, this evidence easily supports her drug conspiracy, firearm, and misprision convictions. *See* 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. §§ 924(c)(1)(A), 4. *See also United States v. Hamilton*, 332 F.3d 1144, 1149 (8th Cir. 2003) ("[W]e will uphold the verdict if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt.").

We affirm the judgment of the district court.

_____